J-S15038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRELL DARNELL SMITH | |
| Appellant | No. 1207 MDA 2014 |

Appeal from the Judgment of Sentence June 17, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005207-2013

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

CONCURRING STATEMENT BY LAZARUS, J.:          **FILED APRIL 14, 2015**

I agree with the majority's decision to affirm the suppression court's denial of Smith's motion to suppress.

Though mistaken, it was reasonable for Smith to believe he was being stopped when he saw emergency lights activated; that, however, did not necessarily transform the stop into an investigative detention.  Smith remained stopped, even though the targeted car had pulled over behind him, about 9 car lengths, and the troopers both approached that car.  It was not only reasonable at that point, but obligatory, for one of the troopers to approach Smith's car and see why he pulled over, or why he remained stopped.  **See Commonwealth v. Conte**, 931 A.2d 690, 693 (Pa. Super. 2007) (police officers have duty to society to serve and protect their communities; this extends beyond enforcement of Crimes Code or Vehicle

Code and includes duty to stop and help citizens who are, or appear to be, in distress). Thus, when Trooper Confer approached Smith, the interaction was a mere encounter. **See *Commonwealth v. Kendall***, 976 A.2d 503 (Pa. Super. 2009) (where defendant was driving slowly and then pulled car off to side of road after signaling, officer had affirmative duty to assure defendant was not in distress; interaction between officer and defendant was mere encounter requiring no level of suspicion and officer had every reason to pull over after defendant to offer assistance or at very least make sure there was nothing wrong). When Trooper Confer observed Smith's bloodshot eyes and detected a strong odor of alcohol, the mere encounter was elevated to an investigative detention, and Trooper Confer was justified in administering field sobriety tests.

I agree, therefore, that the trial court properly denied Smith's motion to suppress.

WECHT, J., Joins Concurring Statement
JENKINS, J., Joins Concurring Statement